UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                    )
                                          )
VALRIE CREARY POWELL                      )        Case No. 26-17185
                                          )        Chapter 13
                                          )
              Debtor                      )

REPORT OF DEBTOR AUDIT

Pursuant to 28 U.S.C. § 586(f)(1), the United States Trustee contracted for an audit to be performed of the above-captioned debtor's petition, schedules and other information filed by the debtor in this case.  In accordance with the Debtor Audit Standards established pursuant to Section 603(a) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Chiampou Travis Besaw & Kershner LLP performed the procedures enumerated in the contract between it and the United States Trustee Program to determine whether certain items in the bankruptcy petition, schedules, and statements as originally filed by Valrie Creary Powell in Bankruptcy Case No. 26-17185 contain material misstatements concerning the debtor's income, expenditures, or assets.

| The auditor finds: | |
| --- | --- |
| No material misstatements. | ✓ |
| One or more material misstatements. The material misstatements are listed on the attached List of Material Misstatements. | |

The debtor was responsible for the preparation of the bankruptcy petition, schedules, and statements in this case.  The United States Trustee Program is responsible for the sufficiency of the procedures developed to determine the accuracy, veracity, and completeness of the petitions, schedules and other information that the debtor is required to provide under 11 U.S.C. §§ 521 and 1322.  Chiampou Travis Besaw & Kershner LLP makes no representation regarding the sufficiency of the procedures either for the purpose for which this report has been requested or for any other purpose.

The analysis and findings contained in this report are intended solely for the information and use of the United States Trustee Program and parties-in-interest in the subject civil bankruptcy proceeding and are not intended to be and should not be used by anyone other than these parties.  However, this report is a matter of public record and its distribution is not limited. The report is not a legal determination, and the legal effect of the auditor's findings of material misstatement is a question for the Court.

Further, the findings contained in the report neither require the United States Trustee Program or other parties in interest to take, nor preclude these parties from taking legal action in or relating to this case, including with respect to matters not discussed in this report.

Dated this 29th day of July, 2026.

Respectfully Submitted,

/s/ Chiampou Travis Besaw & Kershner LLP